## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

PERRY M. FISCHER and AVI J.
PUSATERI, individually and on behalf of all
others similarly situated,

               Plaintiffs,

       v.

DIAGEO NORTH AMERICA, INC.,

              Defendant.

------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:
:
:

CASE NO. 1:21-cv-08568


**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiffs Perry M. Fischer and Avi J. Pusateri ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, bring this Class Action Complaint against Diageo North America, Inc. ("Defendant"), based upon personal knowledge as to themselves and their own acts as alleged in paragraphs 10-13, and as to all other matters and paragraphs upon information, investigation and belief of their counsel.

### NATURE OF THE ACTION

1.    Plaintiffs bring this consumer protection, false advertising class action lawsuit against Defendant, based on Defendant's misleading business practices with respect to the marketing and sale of its Ron Zacapa 23 Centenario Rum (the "Product").

2.    At all relevant times, Defendant marketed and sold the Product with a bold "23" on the front of the packaging, which conveys to a reasonable consumer that the rum contained in the Product has been aged for 23 years.

3.     Plaintiffs and other reasonable consumers have reasonably relied on Defendant's deceptive packaging in purchasing the Product, believing that the Product was, in fact, aged for 23 years prior to bottling and sale, or, at a minimum, would not contain rum aged less than 23 years.

4.     The age of a rum is material to Plaintiffs and Class members and impacted their purchase decisions.

5.     To the detriment of consumers, the rum contained in the Product has not been aged for 23 years. Instead, it is a blend of rums aged between 6 and 23 years. This material fact is not known to reasonable consumers at the point of purchase.

6.     Plaintiffs purchased the Product and paid a premium price based upon their reliance on Defendant's representation that the Product was aged for 23 years. Had Plaintiffs and Class members been aware that the Product has not been aged for 23 years, Plaintiffs and Class members would not have purchased the Product or would have paid significantly less for the Product. Accordingly, Plaintiffs and Class members have been injured by Defendant's deceptive business practices.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d) in that: (1) this is a class action involving more than 100 Class members; (2) the parties are minimally diverse, as members of the proposed class are citizens of states different than Defendant's home state; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

8.     This Court has personal jurisdiction over Defendant because it conducts and transacts substantial business in New York, is based in New York, and intentionally and purposefully placed the Product into the stream of commerce within New York.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Defendant marketed, advertised and sold the Product, and conducted extensive business, within this District. Defendant also maintains its principal place of business in this District.

**PARTIES**

I.     **Plaintiffs**

10.     Plaintiff Perry M. Fischer is a citizen of the State of Washington and currently resides in Seattle, Washington. Mr. Fischer made several purchases of the Product in California over the last four years. Specifically, he purchased the Product in 2020 from the following retail establishments: Total Wine & More in Redondo Beach, California, and BevMo! in Torrance, California. Mr. Fischer also purchased the Product in 2016 from an ABC store in Raleigh, North Carolina.

11.     Plaintiff Avi J. Pusateri is a citizen of the State of New York and currently resides in Queens, New York. Mr. Pusateri purchased the Product in or around June 2021 from a Liquor and Wine Warehouse located in Lawrence, New York.

12.     In purchasing the Product, both Plaintiffs saw the front packaging of the Products. Specifically, they saw the number "23" and the phrase "Aged At A High Altitude in Oak Barrels" on the front packaging. The number "23" on the front of the packaging conveyed to Plaintiffs that the Product was aged for 23 years prior to bottling and sale, or, at a minimum, would not contain rum aged less than 23 years. Additionally, the phrase "Aged At A High Altitude in Oak Barrels" confirmed for them that the Product is an aged rum. The age of the Product is material as they reasonably believed a rum with a higher age is of a higher quality. Had Plaintiffs known that the

Product was not aged for 23 years, they would not have purchased the Product or would have paid substantially less for it.

13.     Despite being misled by Defendant, Plaintiffs would purchase the Product, as advertised, if it was, in fact, actually rum aged 23 years. Although Plaintiffs regularly purchase rum beverages, absent an injunction prohibiting the deceptive advertising described herein, they will be unable to rely with confidence on Defendant's packaging in the future. Furthermore, while Plaintiffs currently believe the Product does not contain rum aged for 23 years, they lack personal knowledge as to Defendant's specific business practices, as they cannot determine whether the rum is aged for 23 years. This leaves doubt in their minds as to the possibility that at some point in the future Defendant's Product could contain rum aged for 23 years. This uncertainty, coupled with their desire to purchase Defendant's Product, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the misleading representations alleged herein. In addition, other Class members will continue to purchase the Product, reasonably but incorrectly, believing it contains rum aged for 23 years, when it does not.

**II.     Defendant**

14.     Defendant Diageo North America, Inc. is a Connecticut corporation and maintains its headquarters in the State of New York. Defendant is responsible for the marketing, distribution, and sale of the Product in the United States, including in this District.

**<u>FACTUAL BACKGROUND</u>**

**I.     Background**

15.     Defendant is the fifth largest spirits company in the world by revenue and directly and indirectly manufactures, advertises, distributes, and/or sells various alcohol beverages under some of the world's most iconic alcoholic brand names.

16.     Among the brands Defendant manufactures, advertises, distributes, and/or sells in the United States and within this District is the Product—Ron Zacapa 23 Centenario Rum, which is manufactured in Guatemala and imported to the U.S.

17.     The Product is part of Defendant's "Reserve" brands in North America. According to Defendant, the "Reserve brands are key to [its] success in North America, delivering growth through innovative production, inspiring design, exceptional liquids and memorable experiences."[1]

18.     Rum is a distilled drink made from fermented sugarcane, sugar cane syrup, molasses, or other sugar cane by-products.[2]

19.     In recent years, the sale of rum in the United States has increased significantly. For example, according to the Distilled Spirits Council of the United States, "[i]n 2019, 24.1 million 9-liter cases of rum were sold in the United States, generating over $2.3 billion in revenue for distillers."[3]

## II.     The Product's Packaging Is Misleading to Reasonable Consumers

20.     As depicted below, Defendant sells the Product with the number "23" prominently affixed on the front packaging.[4] The front packaging also contains the phrase "Aged At A High Altitude in Oak Barrels." *See below.*

---

[1] https://www.diageo.com/en/our-business/where-we-operate/north-america/diageo-north-america/ (last visited October 18, 2021)
[2] 27 C.F.R. § 5.22(f).
[3] https://www.distilledspirits.org/rum/ (last visited October 18, 2021)
[4] To be clear, Plaintiffs are only challenging the ***packaging*** (i.e., the cylindrical container) holding the bottle, not the label affixed to the bottle itself.









21.     The prominent "23" on the front of the packaging conveys to reasonable consumers that the rum contained in the Product is aged for 23 years prior to bottling and sale. Additionally, the inclusion of the language "Aged At A High Altitude In Oak Barrels" confirms that the Product is an aged rum.

22.     When reasonable consumers view the number "23" on the front of the packaging, they believe this refers to the age of the rum contained in the Product. Indeed, numbers displayed on the packaging of distilled spirits commonly indicate how many years the product has been aged. For example, the packaging of Glenfiddich Single Malt Scotch Whiskeys contains numbers such "12," "14," or "15" because the products have been aged for that many years:




23.    However, unbeknownst to Plaintiffs and other reasonable consumers, the rum in the Product is not 23 years aged, rather, it is a blend of rums aged between 6 to 23 years.

24.    Defendant uses the solera aging and blending method to age the rum in the Product.

25.    "The concept of the solera method is based on stacking multiple layers of aging barrels (called "*criaderas*") on top of each other, with each layer progressively topping up the next one down and blending with it year after year."[5]

26.    Based on the process described above, the Product contains rum with different years of aging spanning from 6 years to 23 years old.

27.    As a result, Defendant's packaging of the Products is false and misleading and only serves the profit maximizing interests of Defendant.

28.    This truth is unknown to reasonable consumers and impacts Plaintiffs and reasonable consumers' purchasing decisions.

29.    The age of rum is material to Plaintiffs and reasonable consumers as a higher age signifies a higher quality rum. Reasonable consumers would not believe that a rum which contains a blend of ages spanning from 6 years to 23 years is of the same quality as a rum that is entirely aged for 23 years.

30.    As a manufacturer, distributor, and/or seller of the Product, Defendant is responsible for the accuracy of the information conveyed on the Product packaging.

31.    Defendant knew or, should have known that the Product's packaging was false or misleading.

32.    Defendant intended for consumers to rely upon its representations and omissions concerning the Product's true age. Defendant knows, knew, or should have known that Plaintiffs

---

[5] https://rumsocialclub.com/solera-aging-method/ (last visited October 18, 2021)

and the Class did and would rely on the packaging of the Product in purchasing it, and would reasonably believe that the Product was aged for 23 years, or, at a minimum, would not contain rum aged less than 23 years.

33.     Indeed, it would be reasonable for consumers to rely—as Plaintiffs did—upon Defendant's representations and omissions concerning the age of the rum in the Product and reasonably believe the Product is aged for 23 years, or, at a minimum, would not contain rum aged less than 23 years. Defendant's misleading marketing campaign is so pervasive and convincing that even liquor retailers and bars are being deceived by the age representations, making an average consumer's belief about the Product even more reasonable.

*See, e.g.*, https://thirdbasemarketandspirits.com/products/ron_zacapa_23_year:

**THIRD BASE**

SCOTCH WHISKY    WORLD WHISKEY    SPIRITS    BARREL PICKS    WINE    CART

HOME  ›  RON ZACAPA 23 YEAR



$44.95

## RON ZACAPA 23 YEAR

Ron Zacapa 23 Year Rum 750 ml - Third Base Market & Spirits

QUANTITY

−   1   +

ADD TO CART  •  $44.95

 SHARE     TWEET     PIN

34.     Through the use of misleading representations and omissions, Defendant commands a price that Plaintiffs and the Class would not have paid had they been fully informed. Indeed, the Product is priced significantly higher for the same volume than non-aged rums or rums

that have been aged for less years. *Compare*, *e.g.*, Ron Zacapa 23-year rum ($45.99)[6] with Bacardi Superior rum (not aged) ($10.49),[7] Plantation Grande Reserve Rum 5 year ($19.99).[8]

35.     By use of misleading packaging claims and omissions, Defendant created increased market demand for the Product and increased its market share relative to what its demand and share would have been had it marketed and packaged the Product truthfully.

36.     Plaintiffs and the Class lost money as a result of Defendant's misrepresentations and omissions in that they did not receive what they reasonably believed they were paying for based upon the misrepresentations and omissions on the Product's packaging. Plaintiffs and the Class detrimentally altered their position and suffered damages as a result of Defendant's misrepresentations and omissions.

37.     If Plaintiffs had been aware that the rum in the Product was not entirely aged for 23 years, Plaintiffs would have purchased a different product or paid significantly less for the Product, or in the alternative, not purchased the Product at all.

38.     Plaintiffs and members of the Class were exposed to and justifiably relied upon the same material misrepresentations and omissions made on the Product's packaging, as (1) all of the Product packaging contains the same number "23" and the statement "Aged At A High Altitude in Oak Barrels," and (2) every Product is not aged for 23 years.

## III.    Federal Regulations Confirm Plaintiffs and Class Members Were Reasonably Misled

---

[6] https://www.totalwine.com/spirits/rum/aged-rum/ron-zacapa-23-centenario-rum/p/15593750?s=102&igrules=true (last visited October 18, 2021)

[7] https://www.totalwine.com/spirits/rum/silver-rum/bacardi-superior/p/3636750?glia=true&s=1106&&pid=cpc:Core+Catalog+-+Shopping%2BUS%2BCALI%2BENG%2BSPART::google::&gclid=CjwKCAjwx8iIBhBwEiw (last visited October 18, 2021)

[8] https://www.totalwine.com/spirits/rum/aged-rum/plantation-grande-reserve-rum-5-yr/p/98735750?s=1106&igrules=true (last visited October 18, 2021)

39.     The Alcohol and Tobacco Tax and Trade Bureau ("TTB"), a bureau under the Department of the Treasury, has set basic mandatory labeling requirements for companies like Defendant to adhere to when labeling distilled spirits with statements of age.

40.     TTB defines age as it relates to "aged" rum as "the period during which, after distillation and before bottling, distilled spirits have been stored in oak containers."[9]

41.     According to federal regulation, "Age may, but need not, be stated on labels of **rums**, brandies, and agave spirits[.]" *See* 27 C.F.R. § 5.40(b) (emphasis added).

42.     However, if a company chooses to make an age statement on rum, the regulation requires that the age statement "shall be substantially as follows: '__ years old'; the blank to be filled in with the ***age of the youngest*** distilled spirits in the product." *Id.* (emphasis added).[10]

43.     Moreover, the TTB has issued a Beverage Alcohol Manual ("BAM") for distilled spirits, which provides an explanation of the labeling requirements of distilled spirits. Chapter 8 of the BAM provides further guidance on using statements of age on the labels of distilled spirits.

44.     Of note, Chapter 8 explains that when using a statement of age, it must appear as one of the following options:

a.     "_____ YEARS OLD" (Fill in blank with specific age ***or age of youngest distilled spirits in blend***) (emphasis added);

b.     "AGED _____ YEARS" (Fill in blank with specific age ***or age of youngest distilled spirits in blend***) (emphasis added); **or**

---

[9] https://www.ttb.gov/images/pdfs/spirits_bam/chapter8.pdf (last visited October 18, 2021)
[10] While this provision pertains to "labels" of distilled products, 27 C.F.R. § 5.41(a) states that the prohibitions in § 5.40 apply equally to any "covering, carton, or other container of the bottle used for sale at retail."

c. "____% _____ ____ YEARS OLD" OR "____% _____ AGED ____ YEARS" (This option applies to mixtures or blends, e.g., a mixture or blend of two or more rums of different ages. Fill in first blank with the percent of the finished product on a proof gallon basis contributed by each listed distilled spirits [listed percentages must total 100%]; the second blank with the class/type of each distilled spirits; the third blank with the specific age of each distilled spirits).

45.     Moreover, federal regulation provides that age of rum "may be understated but shall not be overstated." 27 C.F.R. § 5.40(e)(1).

46.     While this action does not seek to enforce the TTB regulations, the TTB regulations demonstrate that Plaintiffs and Class members' reliance on Defendant's false and misleading packaging was reasonable.

## <u>TOLLING OF THE STATUTE OF LIMITATIONS</u>

### I.     **Fraudulent Concealment**

47.     All applicable statutes of limitation have been tolled by Defendant's knowing, active, and ongoing fraudulent concealment and denial of the facts alleged herein at all times relevant to this action.

48.     Since putting the Product on the market, Defendant knew that the Product was not, in fact, aged 23 years prior to bottling and sale.

49.     Despite knowing the truth about the age of the rum in the Product, Defendant concealed the nature of the quality of the Product from Plaintiffs and the Class members. Defendant did not adequately disclose that the Product, in fact, contained a blend of rum aged from 6 to 23 years.

50.     Any applicable statutes of limitation have, therefore, been tolled by Defendant's knowledge, active concealment, and denial of the facts alleged herein, which behavior remains ongoing.

## II.     Discovery Rule

51.     Plaintiffs and the other Class members did not immediately discover—and could not have discovered through the exercise of reasonable diligence—the full and complete nature of the misrepresentations on Defendant's packaging regarding the age of the rum.

52.     Within the period of any applicable statutes of limitation, Plaintiffs and the other Class members could not have discovered, through the exercise of reasonable diligence, that Defendant was—and still is—concealing the age of the rum.

53.     Any applicable statutes of limitation have, therefore, been tolled by operation of the discovery rule.

## III.    Estoppel

54.     Defendant was under a continuous duty to disclose to Plaintiffs and the other Class members the true character, quality, and nature of the rum in the Product.

55.     Defendant actively concealed the Product's true character, quality, and nature and knowingly misrepresented—or omitted—facts about the Product's age—a material fact to consumers.

56.     Plaintiffs and the other Class members reasonably relied upon Defendant's misrepresentations and/or active concealment of these facts.

57.     Based on the foregoing, Defendant is estopped from relying on any statutes of limitation in defense of this action.

## CLASS DEFINITION AND ALLEGATIONS

58.     Plaintiffs bring this matter on behalf of themselves and those similarly situated. Defendant's misconduct is detailed at length in this Complaint. Defendant's customers were uniformly impacted by and exposed to Defendant's misconduct. Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as individual Class members would use to prove those elements in individual actions alleging the same claims. Accordingly, this Complaint is uniquely situated for class-wide resolution.

59.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Rules" or "Rule"), Plaintiffs seek to represent the following class:

> All residents of the United States who purchased the Product for personal, family, or household use and not for resale within the applicable statute of limitation, until the date notice is disseminated ("Nationwide Class").

60.     Additionally, as further described herein, Plaintiffs bring claims based upon state consumer protection laws on behalf of the following subclasses:

> All residents of the [a given state or states] who purchased the Product for personal use and not for resale within the applicable statute of limitation, until the date notice is disseminated ("Multistate Class").

> All residents of California who purchased the Product for personal, family, or household use and not for resale within the applicable statute of limitation, until the date notice is disseminated ("California Class").

> All residents of New York who purchased the Product for personal, family, or household use and not for resale within the applicable statute of limitation, until the date notice is disseminated ("New York Class").

> All residents of North Carolina who purchased the Product for personal, family, or household use and not for resale within the applicable statute of limitation, until the date notice is disseminated ("North Carolina Class").

61.     The Nationwide Class, Multistate Class, California Class, New York Class, and the North Carolina Class are referred to collectively as the "Class" or "Classes."

62.     Plaintiffs reserve the right to amend the Class definitions if discovery or further investigation reveals that any Class should be expanded or narrowed, divided into additional subclasses under Rule 23(c)(5), or modified in any other way.

63.     The following people and entities are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

64.     This action is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

65.     **Numerosity:** Members of each Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. The precise number of Class members is unknown to Plaintiffs but is likely to be ascertained by the Defendant's records. At a minimum, there likely are tens of thousands of Class members.

66.     **Commonality:** There are questions of law and fact common to the proposed class(es). Common questions of law and fact include, without limitations:

    a.   whether Defendant engaged in the conduct alleged herein;

b. whether Defendant's course of conduct alleged herein violates the statutes and other laws that are pled in this Complaint;

c. whether Defendant intended for consumers to rely upon its representations and omissions;

d. whether reasonable consumers would rely upon Defendant's representations and omissions and believe the Product is aged 23 years;

e. whether Defendant had a duty to disclose the material omissions concerning the age of the Product;

f. whether Defendant knew or should have known its representations and omissions were false or misleading;

g. whether Defendant was unjustly enriched by retaining monies from the sale of the Product;

h. whether certification of each Class is appropriate under Rule 23;

i. whether Plaintiffs and the members of each Class are entitled to declaratory, equitable, or injunctive relief, and/or other relief, and the scope of such relief; and

j. the amount and nature of the relief to be awarded to the Plaintiffs and the Class, including whether Plaintiffs and the Class are entitled to punitive damages.

67. **Typicality:** Plaintiffs' claims are typical of the other Class members because Plaintiffs, as well as Class members, paid for Defendant's Product at retail. Plaintiffs and the members of the Classes relied on the representations and omissions made by the Defendant prior to purchasing the Product. Plaintiffs and the members of each Class paid for Defendant's Product at retail and would not have purchased it (or would have paid substantially less for it) had they

known that the Defendant's representations were untrue and/or had they possessed the information Defendant omitted from the Product package.

68. **Adequacy:** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of the Classes they seek to represent; their claims are common to all members of the Classes and they have a strong interest in vindicating their and all other Class members' rights. Plaintiffs have retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action through judgment and appeal, if necessary.

69. **Predominance:** Pursuant to Rule 23(b)(3), the common issues of law and fact identified in this Complaint predominate over any other questions affecting only individual members of the Classes. Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's misconduct detailed at length in this Complaint.

70. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in the Complaint/lawsuit. Further, because of the damages suffered by any individual Class member may be relatively modest in relation to the cost of litigation, the expense and burden of individual litigation make it difficult, if not impossible. Furthermore, many of the Class members may be unaware that claims exist against the Defendant.

71. **Declaratory and Injunctive Relief:** Pursuant to Rule 23(b)(2), declaratory and injunctive relief is appropriate in this matter. Defendant has acted or refused to act on grounds

generally applicable to Plaintiffs and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole. Unless a class-wide injunction is issued, Defendant will continue to, or allow its resellers to, advertise, market, promote, and sell the Product in an unlawful and misleading manner, as described throughout this Complaint, and members of the Classes will continue to be misled, harmed, and denied their rights under the law.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349**
*(On Behalf of Plaintiff Pusateri and New York Class Members)*

72.     Plaintiff Pusateri repeats and realleges Paragraphs 1-71 as if fully set forth herein.

73.     New York General Business Law ("GBL") § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state."

74.     The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff Pusateri and the New York Class Members seek monetary damages and the entry of preliminary and permanent injunctive relief against Defendant, enjoining them from inaccurately describing, packaging, marketing, and promoting the Product.

75.     There is no adequate remedy at law.

76.     Defendant misleadingly, inaccurately, and deceptively advertise and market its Product to consumers.

77.     Defendant's improper consumer-oriented conduct—including packaging and advertising the Product as being aged 23 years—is misleading in a material way in that it, *inter alia*, induced Plaintiff Pusateri and the New York Class Members to purchase and pay a premium for Defendant's Product and to use the Product when they otherwise would not have. Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

78.     Plaintiff Pusateri and the New Class Members have been injured inasmuch as they paid a premium for products that were—contrary to Defendant's representations—not aged 23

years. Accordingly, Plaintiff Pusateri and the New York Class Members received less than what they bargained and/or paid for.

79.     Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff Pusateri and the New York Class Members have been damaged thereby.

80.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff Pusateri and the New York Class Members are entitled to monetary, compensatory, statutory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 350**
***(On Behalf of Plaintiff Pusateri and the New York Class Members)***

81.     Plaintiff Pusateri repeats and realleges Paragraphs 1-71 as if fully set forth herein.

82.     New York General Business Law § 350 provides, in part, as follows: "False advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

83.     GBL § 350-a(1) provides, in part, as follows:

> The term "false advertising" means advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect.  In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions prescribed in said advertisement, or under such conditions as are customary or usual.
> …

84.     Defendant's packaging and advertisements contain untrue and materially misleading statements concerning Defendant's Product inasmuch as they misrepresent that the Product are aged 23 years.

85.     Plaintiff Pusateri and the New York Class Members have been injured inasmuch as they relied upon the packaging and advertising and paid a premium for the Product which was— contrary to Defendant's representations—not aged 23 years. Accordingly, Plaintiff Pusateri and the New York Class Members received less than what they bargained and/or paid for.

86.     Defendant's advertising and packaging induced Plaintiff Pusateri and the New York Class Members to buy Defendant's Products. Thus, Defendant made material misrepresentations on the Product's packaging.

87.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

88.     Defendant's conduct constitutes multiple, separate violations of GBL § 350.

89.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

90.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff Pusateri and New York Class Members are entitled to monetary, compensatory, statutory, treble and punitive damages, injunctive relief, restitution and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT
### Cal. Civ. Code §§ 1750, *et seq.*
### *(On Behalf of Plaintiff Fischer and the California Class)*

91.     Plaintiff Fischer repeats and realleges Paragraphs 1-71 as if fully set forth herein.

92.     Plaintiff Fischer brings this claim individually and on behalf of the California Class.

93.     Defendant's conduct constitutes violations under the California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA").

94.     Defendant's conduct falls within the meaning of this statute because it caused transactions to occur resulting in the sale or lease of goods or services to consumers – namely, the sale of the Product. The Product is considered to be "goods" within the meaning of the statute under Cal. Civil Code 1761(a).

95.     Plaintiff Fischer and members the California Class are "Consumers" pursuant to the statute.

96.     Defendant violated the CLRA by way of the following provisions:

a.     Representing that the Product has "characteristics" (i.e. is aged 23 years) which it does not have, in violation of Cal. Civ. Code § 1770(a)(5);

b.     Representing that the Product is of a "particular standard, quality, or grade" (i.e. is aged 23 years) when it is not, in violation of Cal. Civ. Code § 1770(a)(7); and

c.     Advertising the Product with the "intent not to sell [it] as advertised" in violation of Cal. Civ. Code § 1770(a)(9);

97.     Defendant is aware that its representations regarding the age of the Product is false and misleading.

98.     Due to Defendant's conduct, Plaintiff Fischer and members of the California Class suffered economic injury.

99.     Pursuant to the provisions of Cal. Civ. Code § 1782(a), on June 15, 2021, Plaintiff Fischer sent Defendant notice via certified mail, return receipt requested, providing notice to Defendant of its alleged violations of the CLRA, and demanding that Defendant correct such

violations. The notice letter also provided Defendant the opportunity to correct its business practices. Defendant received the notice letter on June 18, 2021. Because Defendant has not remedied or cured its violations within 30 days of receipt, Plaintiff Fischer is bringing this claim for actual damages under the CLRA.

100.    Accordingly, Plaintiff Fischer seeks damages, injunctive relief, reasonable attorneys' fees and costs, and all other available relief as pled in this Complaint.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200, *et seq.***
*(On Behalf of Plaintiff Fischer and the California Class)*

101.    Plaintiff Fischer repeats and realleges Paragraphs 1-71 as if fully set forth herein.

102.    Plaintiff Fischer brings this claim individually and on behalf of the California Class.

103.    Plaintiff Fischer and Defendant are "persons" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201.

104.    The UCL defines unfair competition to include any "unlawful, unfair or fraudulent business act or practice," as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200.

105.    In the course of conducting business, Defendant engaged in "unlawful" business practices by violating 27 C.F.R. §§ 5.40(b) & 5.41(a), Cal. Civ. Code § 1770, Cal. Bus. & Prof. Code § 17500.

106.    As a result of Defendant's unlawful business acts and practices, Defendant has and continues to unlawfully obtain money from Plaintiffs, and members of the California Class.

107.    Defendant's foregoing business practices are also "unfair" under the UCL, which states that unfair acts are acts where the reasons, justifications and motivations of Defendant are outweighed by the harm to Plaintiff Fischer.

108.   A business practice is also considered to be "unfair" if the conduct alleged is immoral, unethical, oppressive, or substantially injurious to consumers; as well as if the conduct alleged causes an injury which is not outweighed by any benefits to other consumers or to competition, and that the injury is of the type that the consumer could not have avoided. Defendant's conduct is "unfair" pursuant to the UCL under each of the three tests described in these paragraphs.

109.   Defendant's behavior constitutes unfair business practices under California law.

110.   Defendant's retention of Plaintiff Fischer's and California Class members' payments for the Product outweighs the economic harm that said retention imposes on consumers. The only party that benefits is Defendant. Defendant's sale of the Product with the misrepresentations discussed herein are immoral, unethical, oppressive, and substantially injures consumers.

111.   Plaintiff Fischer and members of the California Class had no way of knowing that the rum in Defendant's Product is not entirely aged for 23 years or contains rum aged less than 23 years. As Defendant continues to unfairly retain Plaintiff Fischer's and members of the California Class' payments for the Product, this conduct continues to be unfair under California law. This is exactly the type of unscrupulous and inexcusable business practice that the UCL was enacted to address.

112.   Defendant's representations are also "fraudulent" under the UCL because they have the effect of deceiving consumers into believing that the Product contains rum that is aged for a minimum of 23 years, when it does not. These representations, Defendant's corresponding omissions, and Defendant's other related actions and conduct were false, misleading, and likely to deceive the consuming public.

113.    Defendant knew, or should have known, its material misrepresentations and omissions would be likely to deceive and harm the consuming public and result in consumers making payments to Defendant under the false impression about the Product.

114.    As a result of Defendant's conduct, Plaintiff Fischer and California Class members have suffered injury-in-fact by paying more for the Product than they would have. Plaintiff Fischer requests that the Court issue sufficient equitable relief to restore him and California Class members to the position they would have been had Defendant not engaged in unfair business practices.

115.    Pursuant to Business & Professions Code § 17203, Plaintiff Fischer and members of the California Class seek an order of this Court permanently enjoining Defendant from continuing to publicly disseminate misleading and false advertisements as alleged herein. Plaintiffs and California Class Members also seek an order requiring Defendant to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits. Plaintiff Fischer also seeks all other available relief as pled in this Complaint.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
#### Cal. Bus. & Prof. Code § 17500
#### *(On Behalf of Plaintiff Fischer and the California Class)*

116.    Plaintiff Fischer repeats and realleges Paragraphs 1-71 as if fully set forth herein.

117.    Plaintiff Fischer brings this claim individually and on behalf of the California Class.

118.    Defendant violated California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 ("FAL"), by publicly disseminating misleading and false advertisements for the Product through packaging stating that the rum is aged 23 years.

119.    Defendant's false and misleading advertisements were made in order to prop up and increase sales of the Product.

120.    Plaintiff Fischer and members of the California Class would not have bought the Product, or would have paid considerably less for it, had they known that any or all of these misrepresentations were false.

121.    Pursuant to Business & Professions Code § 17535, Plaintiff Fischer and members of the California Class seek an order of this Court permanently enjoining Defendant from continuing to publicly disseminate misleading and false advertisements as alleged herein. Plaintiff Fischer and California Class Members also seek an order requiring Defendant to: (a) make full restitution for all monies wrongfully obtained; and (b) disgorge all ill-gotten revenues and/or profits. Plaintiff Fischer also seeks all other available relief as pled in this Complaint.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
### North Carolina General Statute §§ 75-1.1, et seq.
### *(On Behalf of Plaintiff Fischer and the North Carolina Class)*

122.    Plaintiff Fischer repeats and realleges Paragraphs 1-71 as if fully set forth herein.

123.    Plaintiff Fischer brings this claim individually and on behalf of the North Carolina Class.

124.    North Carolina's Unfair and Deceptive Trade Practices Act, ("NCUDTPA"), prohibits "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce[.]"  N.C. Gen Stat. § 75-1.1(a).

125.    Defendant engaged in "commerce" within the meaning of the NCUDTPA, N.C. Gen Stat. § 75-1.1(b).

126.    Defendant participated in unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, with respect to the sale and advertisement of the Product purchased by Plaintiff Fischer and the North Carolina Class, in

violation of N.C. Gen. Stat. § 75-1.1(a), including by making false representations or concealing the true age of the Product.

127. Defendant's unfair or deceptive acts or practices detailed throughout this Complaint were reasonably and intentionally calculated to deceive Plaintiff Fischer and North Carolina Class members and in fact deceived Plaintiff Fischer and North Carolina Class members into purchasing the Product believing the Product was aged for 23 years, or at a minimum, not aged less than 23 years.

128. By failing to disclose the true age of the Product, Defendant knowingly and intentionally concealed material facts to Plaintiff Fischer and North Carolina Class members.

129. Plaintiff Fischer and North Carolina Class members relied on Defendant's representations in that they would not have purchased or paid significantly less for the Product.

130. As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff Fischer and North Carolina Class members have suffered and will continue to suffer actual damages.

131. N.C. Gen. Stat. § 75-16 provides a private right of action for any person injured "by reason of any act or thing done by any other person, firm or corporation [.]"

132. Plaintiff Fischer and the North Carolina Class members seek actual damages against Defendant in an amount to be determined at trial and statutory, treble, and/or punitive damages under NCUDTPA, as well as an order enjoining Defendant's unfair, unlawful, and/or deceptive practices and awarding costs, attorneys' fees and restitution, disgorgement of funds, and any other just and proper relief available under N.C. Gen. Stat. § 75-16.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATIONS OF VARIOUS STATE BREACH OF EXPRESS WARRANTY**
**STATUTES**
*(On behalf of Plaintiffs and the Multistate Class or in the alternative, the New York Class,*
*California Class and the North Carolina Class)*

133.     Plaintiffs repeat and reallege Paragraphs 1-71 as if fully set forth herein.

134.     Plaintiffs bring this claim for breach of express warranty in violation of the laws of the Multistate Class, or in the alternative, the New York Class, California Class and North Carolina Class, all of which are consistent with one another.

135.     The various state laws cited below, upon which this Count is premised, are consistent with one another and with the laws of California, New York, and North Carolina, both procedurally and substantively.

136.     Plaintiffs and the members of the Multistate Class formed a contract with Defendant at the time they purchased the Product. As part of that contract, Defendant represented on the Product's packaging, through use of the number "23" on the front of the packaging, that the rum in the Product has been aged for 23 years, or at a minimum, does not contain rum aged less than 23 years.

137.     This representation constitutes an express warranty and became part of the basis of the bargain between Plaintiffs and members of the Multistate Class, on the one hand, and Defendant, on the other.

138.     Defendant made the age representation to induce Plaintiffs and members of the Multistate Class to purchase the Product, and Plaintiffs and the Multistate Class members relied on the representations in purchasing the Product.

139.    All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiffs and Multistate Class members.

140.    Express warranties by a seller of consumer goods are created when an affirmation of fact or promise is made by the seller to the buyer, which relates to the goods and becomes the basis of the bargain. Such warranties can also be created based upon descriptions of the goods which are made as part of the basis of the bargain that the goods shall conform to the description.

141.    Defendant breached the express warranties about the Product because, as alleged above, the Product is not aged for a minimum of 23 years.

142.    In addition to breaching California's warranty law (Cal. Com. Code § 2313), New York warranty law (N.Y. U.C.C. Law § 2-313), and North Carolina's warranty law (N.C. Gen. Stat. § 25-2-313), Defendant also breached the following state warranty laws: Alaska Stat. § 45.02.313; A.R.S. § 47-2313; A.C.A. § 4-2-313; Colo. Rev. Stat. § 4-2-313; Conn. Gen. Stat. § 42a-2-313; 6 Del. C. § 2-313; D.C. Code § 28:2-313; Fla. Stat. Ann. § 672.313; O.C.G.A. § 11-2-313; HRS § 490:2-313; I. C. § 28-2-313; 810 ILCS 5/2-313; Ind. Code § 26-1-2-313; K.S.A. § 84-2-313; KRS § 355.2-313; 11 M.R.S. § 2-313; Mass. Gen. Laws Ann. ch. 106 § 2-313; Minn. Stat. § 336.2-313; Miss. Code Ann. § 75-2-313; R.S. Mo. § 400.2-313; Mont. Code Anno. § 30-2-313; Neb. Rev. Stat. § 2-313; Nev. Rev. Stat. Ann. § 104.2313; RSA 382-A:2-313; N.J. Stat. Ann. § 12A:2-313; N.M. Stat. Ann. § 55-2-313; N.D. Cent. Code § 41-02-30; ORC Ann. § 1302.26; 12A Okl. St. § 2-313; Or. Rev. Stat. § 72-3130; 13 Pa.C.S. § 2313; R.I. Gen. Laws section 6A-2-313; S.C. Code Ann. § 36-2-313; S.D. Codified Laws, § 57A-2-313; Tenn. Code Ann. § 47-2-313; Tex. Bus. & Com. Code § 2.313; Utah Code Ann. § 70A-2-313; 9A V.S.A. § 2-313; Va. Code Ann. § 59.1-504.2; Wash. Rev. Code Ann. § 62A.2-313; W. Va. Code § 46-2-313; Wyo. Stat. § 34.1-2-313.

143.    As a result of Defendant's breaches of express warranty, Plaintiffs and the Multistate Class members were damaged in the amount of the premium price they paid for the Product, in amounts to be proven at trial.

144.    In or around early June 2021, Plaintiff Fischer discovered this breach. On June 15, 2021, Plaintiff Fischer, on behalf of himself and Class members sent a notice and demand letter to Defendant providing notice of Defendant's breach and demanded that Defendant correct, repair, replace, or otherwise rectify the breach complained of herein. Defendant received the notice and demand letter on June 18, 2021.

### EIGHTH  CLAIM FOR RELIEF
### IN THE ALTERNATIVE, UNJUST ENRICHMENT
*(On behalf of Plaintiffs and the Nationwide Class, or in the alternative, the California Class, the New York Class, and the North Carolina Class)*

145.    Plaintiffs repeat and reallege Paragraphs 1-71 as if fully set forth herein.

146.    To the extent the Court finds that Plaintiffs and the members of the Classes did not form a contract with Defendant at the time they purchased the Product, Plaintiffs brings this claim for unjust enrichment in the alternative, individually and on behalf of the Nationwide Class, or in the alternative, the California Class, New York Class, and the North Carolina Class.

147.    Plaintiffs and Nationwide Class members purchased Defendant's Product and paid a premium for the Product. The Product misrepresented or omitted the true age of the Product, which commanded a price premium.

148.    Defendant had knowledge of such benefit and obtained the benefit by its misrepresentations and omissions because those misrepresentations and omissions induced reasonable consumers to purchase the Product they would not otherwise have purchased or purchased at the advertised price.

149.    Defendant appreciated this benefit and knowingly accepted it at the expense of, and to the detriment of, Plaintiffs and Nationwide Class members. Defendant currently retains this benefit.

150.    Defendant's acceptance and retention of the benefits is inequitable and unjust because the benefit was obtained by Defendant's misconduct detailed at length in this Complaint.

151.    Equity cannot in good conscience permit Defendant to be economically enriched for such action at the expense of Plaintiffs and Nationwide Class members, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of other members of the proposed Class(es), respectfully requests that the Court enter judgment in Plaintiffs' favor and against Defendant as follows:

a.  Declaring that this action is a proper class action, certifying the Classes as requested herein, designating Plaintiffs as Class Representative and appointing the undersigned counsel as Class Counsel;

b.  A declaration or declaratory judgment that Defendant's conduct has violated and continues to violate the statutes cited herein;

c.  An order enjoining Defendant to refrain from the acts and practices cited herein and to undertake an immediate public information campaign to inform members of the Classes as to its prior practices;

d.  An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiffs and members of the Classes to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, fraudulent or unfair business act or practice;

e.  An award of damages, including all available statutory and punitive damages, pursuant to the statutes and the causes of action pled herein;

f.  Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and applicable, to prevent Defendant from retaining the benefit of its wrongful conduct;

g.  An award of all recoverable costs and expenses, including reasonable fees for Plaintiffs' attorneys; and

h.  An award of pre- and post-judgment interest to Plaintiffs and members each of the Classes if applicable; and, ordering further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs and members of the Class demand a jury trial on all issues so triable.

DATED: October 19, 2021                          Respectfully submitted,

*s/Nina Varindani*

Nina Varindani
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
nvarindani@faruqilaw.com

Melissa S. Weiner*
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
*mweiner@pswlaw.com*

*Attorneys for Plaintiffs & Proposed Classes*

* *Pro Hac Vice* Forthcoming